ELEANOR M. FORBES *vs.* AMERICAN INSURANCE COMPANY.

Worcester. September 30, 1895. — October 17, 1895.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & BARKER, JJ.

*Fire Insurance — What included in Description of Structure insured.*

At the trial of an action on a policy of insurance against loss by fire, in which the property insured is described as a "three-story brick building occupied as pottery, situate in E., known as the Pottery building," the contention of the plaintiff that another building subsequently built on the end of the Pottery building is covered by the policy cannot be maintained, if there is nothing in the policy to indicate that any other structure was intended to be covered than the one building explicitly designated.

CONTRACT, brought for the benefit of the Ware Savings Bank, the plaintiff's mortgagee, upon a policy of insurance against loss

by fire in which the property insured was described as a " three-story brick building, occupied as pottery, situate in East Brook-field, Mass., known as the Pottery Building." The case was submitted to the Superior Court, and, after judgment for the defendant to this court, on appeal, upon agreed facts, in sub-stance as follows.

The main building was built in 1877, of brick, three stories high with slate roof, and about forty feet wide by sixty feet long. It was first used as a pottery about two years after it was completed. One or two years after its completion a boiler house of brick, one story high and about thirty feet wide by sixteen feet long, was built on the west end, and four or five years later this addition was extended sixteen feet farther west and built up another story, making it about thirty feet wide by thirty-two feet long and two stories high, all of brick. At or about the same time a two-story frame building was attached to the west end of this addition and sheathed on the outside with brick. The situation of the buildings is indicated on the fol-lowing plan.

A, main building; B, two-story brick addition; C, box shop and yarn mill; D, kiln-house; E, storehouse.

At the time when the policy attached, and at the time of the fire, the three-story brick building was and for a long time had been leased to parties carrying on the business of manufac-turing pottery and used for that purpose. They also used a frame kiln with iron roof attached to the east end of the three-story building, and for storage a frame building attached to or standing near the kiln.

The second floor of the brick addition on the westerly end of the main building was used to some extent by the pottery com-

pany and in its business for storage but not for manufacturing; and the first floor of the brick addition was used exclusively as an engine and boiler room.

The two-story building on the west of the brick addition was occupied by other tenants as a box shop on the first floor and as a yarn factory on the second floor. Power was furnished from the boiler room and the engine therein, to the box shop, the yarn factory, and the pottery, by the owner of the buildings. A door through the brick partition connected the box shop with the boiler room, through which shavings were passed to feed the boilers.

On December 11, 1891, a fire broke out in the box shop and consumed the same, and damaged the two-story brick addition and the three-story main building to the amount of $448.30. The damage was itemized by the appraisers as follows : " Boiler house, $440 ; main building, $8.30 "; and it was agreed that the appraisal was to stand as the amount of damage done to said building and to the addition respectively.

There was other insurance on the property damaged by the fire to the amount of $4,500, so that the liability of the defendant company was one fourth of the total damage to the property insured by it.

The other policies of insurance described the property insured under them as follows. Two policies of $750 each, " On brick building, including all brick and frame additions to same, occupied as a pottery and situate in East Brookfield, Mass." One policy of $1,500, " On three-story brick and slate roof building, engine and boiler house and frame and iron roof kiln-house attached as a pottery, situate East Brookfield, Mass." One other policy of $1,500, " On three-story brick building occupied as a pottery situate in East Brookfield, Mass." All the policies were made payable in case of loss to the Ware Savings Bank, mortgagee, as its interests might appear, and they permitted other insurance.

At the time when the last named policy and the policy upon which the suit was brought were procured by the treasurer of the savings bank, neither he nor the agent of the companies had any knowledge of the other three policies above referred to. The mortgage of the bank covered all the buildings and additions mentioned in this statement.

It was agreed that the policy in question applied to the three-story brick building, called in the appraisers' report "main building," and the only controversy between the parties was whether the policy by its terms also covered the damages done to the two-story brick addition, called in the appraisers' report "boiler house."

It was further agreed, if competent, that a portion of the buildings, including the three-story building, for a long time before the issuing of the policy, had been known as the "Pottery building," and that the book of tariff rates of the Brookfield board of underwriters, which was in general use by insurance agents in that vicinity, and which fixed the rate upon the property, referred to the property damaged by fire as herein stated as follows: "Mrs. E. M. Forbes, 3 story Bk. & Fr. Mrs. E. M. Forbes, Boiler House adjoining Bk." But neither the treasurer nor the agent knew of the clause of the tariff above referred to.

If the policy covered the two-story brick addition, judgment was to be entered for the plaintiff for $112.12, with interest thereon from July 1, 1892; otherwise, judgment was to be entered for $2.08, and interest from July 1, 1892.

*B. W. Potter*, for the plaintiff.

*H. E. Cottle*, for the defendant.

BARKER, J.   We are of opinion that the finding awarding damages for the loss on the three-story brick building only must stand, and that the judgment on the finding must be affirmed. The adjoining two-story brick building, which the plaintiff contends was also covered by the policy, was a building subsequently built on the end of the three-story building, with a separate roof, and it is not stated that there was access from one building to the other through the walls. The three-story brick building was exclusively occupied as a pottery, while one half of the other building was not so occupied. The policy purports to cover only one building, and the words "known as the Pottery building" do not of themselves, nor does anything in the policy, indicate that any other structure was intended to be covered by the risk than the one building explicitly designated. If the words "known as the Pottery building" would justify a finding that all which was so known was covered by the policy, there is

nothing which requires a finding that the two-story brick building was so known. The statement is merely that a portion of five buildings, including the three-story building, had been so known ; and it is not stated that the portion so known included the two-story building.    *Judgment affirmed.*